IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2006

## LOUIS TYRONE ROBINSON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Gibson County**
**No. 14677     Allen W. Wallace, Senior Judge**

---

**No. W2006-00832-CCA-R3-PC  - Filed November 22, 2006**

---

The Appellant, Louis Tyrone Robinson, proceeding *pro se*, presents a Rule 3 appeal from the Gibson County Circuit Court's denial of his "Motion to Reopen Post-Conviction Petition."  Robinson seeks post-conviction relief in five separate cases arising from crimes which occurred during a period between August 1989 and October 1992.  The post-conviction court denied Robinson's motion on the following grounds:  (1) that the motion failed to present a new claim of constitutional error under the limited circumstances set out in Tennessee Code Annotated section 40-30-117; (2) that no post-conviction petition had ever been filed in four of the five cases; (3) that the statute of limitations had expired for post-conviction relief; and (4) that Robinson's claims had been previously addressed.  Because the Appellant failed to comply with the statutory requirements for appealing the denial of a motion to reopen, this court is without jurisdiction to review the issue.  Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and ROBERT W. WEDEMEYER, J., joined.

Louis Tyrone Robinson, *Pro Se*, Nashville, Tennessee.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Garry G. Brown, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

The Appellant, proceeding *pro se*, has filed a largely incoherent and rambling twenty-three page motion seeking to reopen post-conviction proceedings stemming from seven convictions in five separate cases in Gibson County.  These same convictions have been the subject of previous habeas corpus, post-conviction, and other unidentifiable post-judgment proceedings.  For background

purposes, we utilize the Appellant's most recent proceeding, which summarizes his convictions and resulting sentences currently before this court.

> On August 8, 1989, the [Appellant] was arrested and charged with Driving Under the Influence of an Intoxicant ("DUI") and Driving on a Revoked License, case number 13960. While out on bond, the [Appellant] was charged with two counts of Illegal Sale of Schedule II Controlled Substances, case number 14010. On January 8, 1990, the [Appellant] pled guilty in case number 13960 to DUI, a class A misdemeanor, and he pled guilty in case number 14010 to two counts of the Illegal Sale of Schedule II Controlled Substances, a class C felony. The trial court sentenced the [Appellant], as a Range I standard offender, to eleven months and twenty-nine days for the DUI conviction, and to five years for the two sale of a controlled substance offenses. The trial court ordered the sentences to run concurrently.

> The [Appellant] was released on parole in case numbers 13960 and 14010 on July 15, 1990. While on parole, on October 1, 1990, the [Appellant] was arrested and charged with Assault and Aggravated Assault, in case number 14296. While on bond for these charges, the [Appellant] was arrested and charged with Attempted First Degree Murder and two counts of Aggravated Assault, in case number 14358.

> On May 28, 1991, the [Appellant] entered into a joint plea agreement in cases 14296 and 14358. In case 14296, the [Appellant] pled guilty to Simple Assault, a class A misdemeanor, and Attempted Aggravated Assault, a class D felony. The trial court sentenced the [Appellant], as a Range I standard offender, to eleven months and twenty-nine days for Simple Assault, and to two years for the Attempted Aggravated Assault. In case 14358, the [Appellant] pled guilty to two counts of Attempted Aggravated Assault, class D felonies, and the trial court sentenced him to two years for each of the Attempted Aggravated Assault convictions. The trial court ordered that all of the [Appellant's] sentences, on the four convictions in case numbers 14296 and 14358, run concurrently. The [Appellant] was released on parole for these convictions on April 3, 1992.

> On October 22, 1992, the [Appellant] was arrested and charged with First Degree Murder in case number 14[6]77. On April 26, 1993, the [Appellant] pled guilty to Second Degree Murder, a class A Felony. The trial court sentenced the [Appellant] as a Range III persistent offender to forty years, at forty-five percent.

*Louis Tyrone Robinson v. Bell*, No. M2003-02772-CCA-R3-HC (Tenn. Crim. App. at Nashville, Oct. 12, 2004).

From the record before us, we are able to determine that the Appellant filed a petition for post-conviction relief in 1999 collaterally challenging his second degree murder conviction.[1] In his petition, the Appellant acknowledged that he was filing outside the appropriate statute of limitations period but stated that "due to judicial misconduct of trial judge/Prof. Misconduct of Def. Atty's/ and Dist. Atty. Office, which is unlawful sentencing," he was still entitled to relief. The Appellant raised a myriad of grounds for relief in the petition. At the same time, the Appellant filed a "Motion #14358[,] 14296[,] #14010[,] 13960 be dismissed and removed from the record due to judicial misconduct of trail [sic] judge and professional misconduct of District Attorney/District Attorney Office."

In its order denying the Appellant relief, the post-conviction court observed: "The petitioner, . . . on November 1, 1999, filed <u>five</u> (5) pro se petitions for post-conviction relief attacking various convictions. The petitioner complains that his five guilty pleas were [un]lawfully induced and involuntary. Also, the petitioner complains that his counsel rendered him ineffective assistance of counsel." (emphasis added). Neither the order nor the record before us, however, identifies the case numbers of four of the five cases challenged. In dismissing the petition, the post-conviction court found that the petition was filed outside the one-year statute of limitations and that the Appellant had failed to allege that his claims fell within any of the enumerated exceptions.[2]

In February 2005, the Appellant filed the instant *pro se* "Motion to Reopen Post-Conviction Petition" in case number 14677, while specifically referencing and requesting relief in case numbers 13960, 14010, 14296, and 14358. In the motion, the Appellant asserts that application of Tennessee Code Annotated section 40-30-102 (2003), the statute of limitations statute, is forcing him to serve an excessive sentence in violation of the Due Process Clause. The Appellant again argues, as he has previously done in other habeas corpus petitions, that the multiple convictions used to enhance his forty-year second degree murder sentence were invalid, arguing that there is no provision for accepting a plea outside the classification range. He also alleges that he was the victim of a criminal conspiracy with regard to those same convictions. Moreover, the Appellant asserts, as grounds for reopening his petition, that new scientific evidence exists which actually establishes his innocence, relying upon his medical records to support this assertion. In his 2005 motion to reopen, the Appellant requested that the court dismiss "the (7) prior conviction's and resentencing [him] according to statute in case no. #14677, to midrange sentence as Range One Offender."

---

[1] The second degree murder conviction stems from case number 14677.

[2] From the records of our court, we note that the Appellant has also filed at least three petitions for writ of habeas corpus attacking the same convictions. *Robinson*, No. M2003-02772-CCA-R3-HC (affirming dismissal of the Appellant's petition challenging multiple convictions which he claims were used to enhance his current sentence by classifying him as a persistent offender because the Appellant failed to include proof in the record that the trial court based the enhanced sentence on the particular convictions); *State v. Louis Tyrone Robinson*, No. M2002-01641-CCA-R3-CD (Tenn. Crim. App. at Nashville, Apr. 11, 2003) (affirming summary dismissal of petition which challenged the Appellant's second degree murder conviction and resulting forty-year sentence); *Louis Tyrone Robinson v. State*, No. W2000-02852-CCA-R3-CO (Tenn. Crim. App. at Jackson, Mar. 9, 2001) (finding no grounds to grant habeas relief where the Appellant alleged involuntary guilty pleas as a result of ineffective assistance of counsel).

While this motion was pending in the Gibson County Circuit Court, the Appellant filed numerous other motions including petitions for writs of error coram nobis, a motion to reduce sentence, a motion to consolidate the cases, and a motion to destroy prior records. Additionally, he filed an amended petition to reopen on November 17, 2005.

Following the appointment of counsel, a hearing was scheduled on the motion to reopen on December 19, 2005.[3] Orders within the record establish that, due to conflicts between appointed counsel and the Appellant, counsel was permitted to withdraw, and the Appellant chose to proceed *pro se*.[4] Ultimately, the post-conviction court denied the Appellant's motion to reopen, concluding that the Appellant had "failed to demonstrate that any of [the limited] circumstances [for reopening a post-conviction petition] exist in his case." In its order, the court specifically found:

> [The Appellant] indicated in his Motion to Reopen and also stated in open court that his Motion to Reopen should apply to his convictions in Gibson County Circuit Court cases numbered 13960, 14010, 14296, and 14358. However, no petition for post-conviction relief was filed in any [of] those cases. As no petition was filed, there is no petition to re-open, and [the Appellant's] Motion to Reopen is therefore denied as to those prior convictions as well. The Court takes note of the fact that those prior convictions are well outside the one-year statute of limitations for filing an initial petition, and [the Appellant] failed to demonstrate any grounds for tolling the statute of limitations. T.C.A. § 40-30-102(a) (2005). [The Appellant's] other claims regarding these prior convictions were previously addressed by the Court of Criminal Appeals in Robinson v. State, 2004 Tenn. Crim. App. LEXIS 884 (Ct. Crim. App. at Nashville 2004). Accordingly, those claims are likewise denied.

This appeal followed.

## Analysis

On appeal, the Appellant has framed his issue as follows:

---

[3] It is unclear from the record whether any evidence was presented at the hearing, as no transcript of such hearing is included in the record. However, it is clear that the Appellant was present at the scheduled hearing.

[4] As evidenced by the order, counsel was allowed to withdraw because of his difficulty in communicating with the Appellant and because the Appellant had made false and disparaging allegations against counsel, as well as because the Appellant believed that counsel was involved in a conspiracy against him. The court noted that it discussed appointing other attorneys for the Appellant; however, the Appellant expressed dissatisfaction with all possible choices. According to the order, the Appellant "indicated that he had not been satisfied with any of the attorneys who previously represented him, that he did not trust attorneys, that it was the fault of attorneys that he was now incarcerated, and that he would prefer to represent himself in the matter." The court permitted the Appellant to proceed *pro se* and offered to continue the hearing for thirty days to allow the Appellant an opportunity to make any additional filings or to present additional claims or grievances. However, the Appellant declined the offer and chose to proceed as scheduled.

Whether the trial court of Gibson County erred in holding that in the prior illegal proceedings of case no.# 14296 and #14358 the District Attorney General's Office of Gibson County, Public Defender's Office, appointed counsel for this Appellant, Court Clerk's Office of Gibson County Circuit Court, Milan Police Department, Trenton Sheriff Dept., and Double-A-Bonding Company committing obstruction of justice, fraud, misfeasance, altering court document's, aggravated perjur[y], etc., issue's are waived due to statute of limitations. Whether the prior proceeding's thats shown illegal and void in case no.# 13960, #14010, and the excessive sentence in case no.# 14677, can stand, due to the same trial court official's and public defender's counsel . . . representing this Appellant, and prosecuting the offense, then denial to a[c]knowledge the motion to reduce sentence by not issuing an court opinion, give written notice of former counsel . . . withdrawal as counsel, where Appellant could then appeal the excessive sentence, and whether Appellant has a right to the suppressed exculpatory evidence requested November 09, 2005, and whether appointed judge denial of the motion to reopen post-conviction, without Appellant being allowed to call witnesses/present new exculpatory evidence and the right to an evidentiary hearing on all issue's doing one hearing, show bias and prejudice to Appellant, then suppress the Court's opinion to den[y] this Party his right to appeal. And whether the acts/omission made by the trial appointed judge, clerk's office, and 28th District Attorney's Office to suppress the last court opinion in this cause from December 19th 2005, and the record's requested in designation of records and the hearing transcript from December 19, 2005, shows a continue pattern of denial of access to the Court's and conspiracy to this Appellant.

Notwithstanding the Appellant's obtuse allegations and confused argument, we discern, as does the State in its responsive brief, that the Appellant appears to be attacking his second degree murder conviction and sentence in case number 14677 by challenging his prior convictions in four separate cases which he asserts were used to enhance his murder conviction.

To properly perfect an appeal from the denial of a motion to reopen a post-conviction proceeding requires strict adherence to the procedural dictates of Tennessee Code Annotated section 40-30-117(c). *See also* Tenn. Sup. Ct. R. 28, § 10(B). Following denial of such motion, the petitioner, within ten days, shall file an application with the Court of Criminal Appeals seeking permission to appeal. *Id.* Additionally, the application shall be accompanied by copies of all documents filed by both parties in the trial court, as well as the order denying the motion. *Id.* Thus, the statute outlines four requirements for an appeal from a motion to reopen which are to be considered: (1) the timeliness of the filing; (2) the place of filing; (3) the application to be filed; and (4) the attachments to the application. *Graham v. State*, 90 S.W.3d 687, 689 (Tenn. 2002).

The required statutory procedures were not followed by the Appellant in this case. The record reflects that the Appellant filed his notice of appeal document on December 27, 2005, in the Gibson County Circuit Court, although the post-conviction court's order denying the motion to reopen was not filed until April 3, 2006. As such, the Appellant's "Notice of Appeal" was

prematurely filed.[5]  Moreover, the "notice," if treated as an application to appeal, was clearly filed in the wrong court, *i.e.*, the Gibson County Circuit Court rather than the Court of Criminal Appeals. As noted, the Appellant filed a document styled as a "notice of appeal" rather than an application for permission to appeal, which is required by statute.  *Id.* at 691.  However, the Tennessee Supreme Court has held that the label "notice of appeal" is not dispositive as to whether this court may treat the filing as an application for permission to appeal if the required information is included.  *Id.*  The contents of the application should include "the date and judgment from which the petitioner seeks review, the issue which the petitioner seeks to raise, and the reasons why the appeal court should grant review."  *Id.*  The notice of appeal document filed in this case did not comply with these requirements.  Moreover, we note in a document captioned "Notice to Circuit Court Clerk and Judge," filed simultaneously with the notice of appeal document, the Appellant states in relevant part that "I had (30) days to file my notice of appeal and a copy of this opinion back into this trial court from the 19th of December . . ."  As such, it is apparent that the Appellant was prosecuting his appeal as a Rule 3, as opposed to the required Rule 28 appeal process.  Accordingly, we are unable to conclude that  the Appellant's notice of appeal document "contained sufficient substance that it may be effectively treated as an application for permission to appeal."  *See id.*  Moreover, it appears from a review of the record that the Appellant failed to timely file the required supporting documents with this court.  As such, it appears that the Appellant failed to comply with the statutory requirements of appeal.  The failure of a petitioner to comply with these statutory requirements deprives this court of jurisdiction to entertain such matters.  *John Harold Williams, Jr. v. State*, No. W1999-01731-CCA-R3-PC (Tenn. Crim. App. at Jackson, Mar. 23, 2000).  Neither the Post-Conviction Procedure Act nor the Rules of the Supreme Court permit this court to suspend the statutory requirements.  *Id.*  Accordingly, this court is without jurisdiction to entertain the appeal.

Nonetheless, we acknowledge that, even had an application been properly filed, the application would fail on its merits.  While the Post-Conviction Procedure Act permits the filing of a motion to reopen a first petition, the grounds for reopening a post-conviction petition are very narrow.  T.C.A. § 40-30-117(a).  The statute provides:

(a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. . . .; or

(2) The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

---

[5]Tenn. R. App. P. 4(d) provides that a notice of appeal filed prior to the entry of judgment or an order, although filed prematurely, will be considered timely.  However, Rule 4 applies only to Rule 3 appeals as of right, and, thus, has no application to a Rule 28 appeal of a motion to reopen.

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . .; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

T.C.A. § 40-30-117(a)(1)-(4).

A review of the record fails to establish that the Appellant is seeking to reopen his petition based upon a new constitutional rule of law, nor do we find one implicated by the facts as alleged. While the Appellant does assert that his post-conviction petition should be reopened based upon new scientific evidence, *i.e.*, medical records, nothing in the record supports this claim. Review of the record before us fails to establish any newly discovered scientific evidence which would exonerate the Appellant of guilt in the second degree murder case. Although the Appellant appears to be arguing that his forty-year sentence for second degree murder was improperly enhanced based upon invalid convictions, the record indicates that the conviction in question was a guilty plea with an agreed sentence. Additionally, the record does not establish that any of the Appellant's other convictions have ever been held to be invalid despite the fact that the issue has been raised by the Appellant in multiple prior post-judgment proceedings. As noted by a panel of this court in one of the Appellant's prior habeas corpus actions, the Appellant has failed to establish whether his sentence was enhanced as part of the plea agreement or based on his prior convictions. *Robinson*, No. M2003-02772-CCA-R3-HC. Moreover, the facts asserted by the Appellant do not establish that he is entitled to have his conviction set aside or his sentence reduced. Thus, none of the circumstances under which a motion to reopen may be filed are established.

## CONCLUSION

Based upon the foregoing, the appeal is dismissed.

_____
DAVID G. HAYES, JUDGE